West, J.
On the trial below a bill of exceptions was tendered by and signed for the prisoner, by which all the evidence offered to the jury touching the character of the structure in which the burglary was alleged to have been committed, was brought upon the record. From this, it appears, that the structure alleged to have been violated was originally erected for and had during many years been occupied as a “ still-ho use ;” that, during the same time, there was operated therein a small pair Of burs for “ chopping corn, both for the distilling and for customers ; that it continued to bear its original designation, though in 1862, long before the time of the alleged breaking, the boiler used in distilling was removed, the machinery and presses severed from their connections, and the building permanently dismantled and abandoned as a “ still-house,” with the distinct intention not to resume the business therein, but that *235 it continued to be used as “ a mill for chopping corn” for customers.
This evidence is insufficient to sustain the verdict, and judgment of reversal must be entered on the first assignment of error.
The statute defining burglary has regard to the substantive character of the structure in which it may be committed, and not to the name or designation it may have acquired. A building, though erected for, and occupied during many years as a still-house, ceases to be such when permanently dismantled and abandoned as a place of distillation. Its original designation does not determine its substantive character, in the sense of the crimes act. This must be ascertained from the nature of the uses to which the structure is appropriated at the time it is violated.
Judgment of reversal must, therefore, be entered.
The prosecutor having entered a nolle on the count for larceny, it is out of the case, for which reason the second assignment of error has not been considered.
Welch, C. J., and White, Day and McIlvaine, JJ., concurred.